UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT KELLIHER,                                    Civil No. 08-1411 (RHK/FLN)

      Petitioner,

v.                                                  **REPORT AND RECOMMENDATION
                                                    AND ORDER**

M. CRUZ, Warden, and
FEDERAL BUREAU OF PRISONS,

      Respondents.

___

Robert Kelliher, Sr., Petitioner, *pro se*

Steven Schleicher, Assistant U.S. Attorney, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Respondents.

___

FRANKLIN L. NOEL, United States Magistrate Judge

This matter is before this Court on Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. §2241 (Doc. No. 1). The matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be DENIED.

Petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241 in the District of Minnesota. Petitioner alleges that the Bureau of Prisons ("BOP") miscalculated his sentence. Specifically, Petitioner argues that the BOP failed to calculate his sentence in accordance with the sentencing court's order. He argues that his sentence should be several months less than what the BOP has calculated.[1]

___

[1] In his Petition to this Court, the Petitioner merely states that the BOP failed to calculate his sentence in accordance with the sentencing court's order. However, in his previous appeals

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Robert Kelliher, ("Petitioner") is a federal inmate currently designated to the Federal Prison Camp in Duluth, Minnesota ("FPC Duluth"). See, Declaration of Ann Norenberg, ¶ 3, Attachment 1, Public Information Data. Petitioner was sentenced on November 1, 2006 to 36 months of imprisonment by the U.S. District Court, Northern District of Illinois. He has a projected release date of July 10, 2009, after application of good time credit. Id. He was convicted of income tax evasion and making false claims to the Internal Revenue Service in violation of 26 U.S.C. § 7201 and 18 U.S.C. §287. See, Norenberg Decl., ¶3, Attachment 2, Judgment in a Criminal Case. The Court ordered Petitioner to voluntarily surrender to the BOP on November 30, 2006. Id. The BOP calculated Petitioner's court-ordered 36-month sentence from that date. Id.

## II.    DISCUSSION

### A.    This Court does not have Jurisdiction to Review this Petition.

For the reasons discussed below, the Court finds that Petitioner cannot challenge his conviction and sentence in a habeas corpus petition brought under 28 U.S.C. § 2241. Petitioner's current claims for relief can be raised only in a motion brought before the original trial court, pursuant to 28 U.S.C. § 2255.

On August 27, 2007, Petitioner submitted a letter to his case manager challenging the accuracy of his presentence report. Specifically, he states that he never agreed to two enhancements relied upon by the sentencing judge in calculating the sentence to be imposed. See, Norenberg Decl,

---

through the administrative process, he made more detailed arguments which this Court has considered here.

Attach 3, Letter from Petitioner to case manager. It appears that Petitioner is challenging in this present Petition the two enhancements he received for Obstruction of Justice and Sophisticated Means. Petitioner argued that he did not agree to or admit to the enhancements, nor were they found by a jury. However, since the Petitioner is challenging the sentence enhancements relied upon by the sentencing court, a petition under section 2241 is not the appropriate way to adjudicate Petitioner's claims. The proper means for correcting his sentence in the trial court is through a section 2255 motion.

As a general rule, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir.2003)("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 ... and not in a habeas petition filed in the court of incarceration ... under §2241"). No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, unless the Petitioner has affirmatively demonstrated that the remedy provided by § 2255 " 'is inadequate or ineffective to test the legality of ... [his] detention.' " DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir.1986), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir.1983).

28 U.S.C. § 2255 provides that:

[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., 28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255

As this statute indicates, a federal prisoner can challenge the validity of his conviction or sentence in a § 2241 habeas corpus petition only if he can show that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention."

A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir.2004). The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. Id. Here, Petitioner has made no effort to show that a § 2255 motion would be "inadequate or ineffective."

The Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief before sentence was imposed. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to raise his current arguments when he had a reasonable opportunity to do so. See Hill v. Morrison, 349 F.3d 1089, 1092 (8th Cir.2003) (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court").

The Eighth Circuit Court of Appeals has held that § 2255 will not be viewed as inadequate or ineffective, "... because Petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir.2000). See also United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.2002) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the procedural limitations on § 2255 motions); Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir.2003) ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

In this case, Petitioner is challenging the sentence that was imposed by the trial court. He claims that the sentencing court relied upon two sentencing enhancements in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, including Blakely v. Washington, 542 U.S. 296 (2004); United States v. Booker, 543 U.S. 220 (2005); and Cunningham v. California, 549 U.S. 270 (2007).

Apprendi, Blakely, and Booker were all decided before Petitioner was sentenced and could have reasonably been brought to the attention of the sentencing court or raised on appeal or in a motion under §2255. Only Cunningham, was decided after Petitioner was sentenced. Cunningham applied Blakely to California's determinate sentencing law, and in no way changed the law applicable to Petitioner's sentence.

In short, Petitioner cannot demonstrate that the remedy provided by Section 2255 is inadequate or ineffective. As Petitioner is challenging the validity of the sentence in his criminal case, and has not applied for relief, under §2255, this Court is without jurisdiction to entertain his Petition for a writ of habeas corpus.

Petitioner's current claims for relief can be raised only in a § 2255 motion brought in the court that presided over his criminal case. See, Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir.2002) (a federal inmate "may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court"). The Court finds that the present petition is subject to, and barred by, the § 2255 exclusive remedy rule.

Put differently, even though Petitioner is incarcerated in this judicial district, issues concerning the lawfulness of the sentence imposed must be brought in the sentencing court through

a 28 U.S.C. § 2255 motion to vacate, set aside or correct. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir.2004), cert. denied, 125 S.Ct. 2984 (2005); see § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the conviction or sentence, subject matter jurisdiction lies with the court which convicted and sentenced him. DeSimone v.. Lacy, 805 F.2d 321, 323 (8th Cir.1986); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out. The judicial district where the prisoner is incarcerated is the appropriate place to bring a properly filed habeas corpus petition. Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir.2002); DeSimone v.. Lacy, 805 F.2d 321, 323 (8th Cir.1986); Cain v. Petrovsky, 798 F.2d 1194, 1196 n. 3 (8th Cir.1986).

As described more fully above, Petitioner here is not attacking the execution of his sentence, but is attacking the sentence itself. A federal prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in a direct appeal or a timely § 2255 motion in the sentencing district. Hill v. Morrison, 349 F.3d 1089, 1092 (8th Cir.2003) (§2255 remedy not inadequate where petitioner could have raised claim in first or second § 2255 motion); U.S. ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1063 (8th Cir.2002) (§ 2241 argument waived if not raised in sentencing court in first instance); United States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir.2000) (dismissing § 2241 claims which "could have been maintained in a timely § 2255 motion or on direct appeal"). Where a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction. Abdullah, 392 F.3d at 963.

### III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of the prison sentence imposed by the trial court; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) because the "inadequate or ineffective remedy" exception is not applicable to Petitioner, his present § 2241 habeas corpus petition challenging his sentence cannot be entertained and his Petition must be DENIED.

### IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that Petitioner's Petition for a Writ of Habeas Corpus be DENIED.

### V.  ORDER

Petitioner also made a motion for bond [#12].  As he is not entitled to the writ of habeas corpus, there is no reason he should be released on bond.  Petitioner's Motion for Bond is DENIED [#12].

DATED: December 15, 2008                    *s/ Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 5. 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.